METCALFE v. KLAW et al.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

Costs (§ 164*)—Dismissal or Nonsuit—Extra Allowance.

 Plaintiff, a dramatic critic, sued B. and others for unlawful conspiracy to exclude plaintiff from theaters controlled by defendants, and also instituted a criminal prosecution against B., who sued out a writ of habeas corpus on which it was held that on the facts the prosecution would not lie. The grounds of the decision made it apparent that plaintiff could not succeed in the civil action, and he moved for leave to discontinue on payment of costs. *Held*, that B. was not entitled to an extra allowance as compensation for the expenses and annoyance sustained by him in the criminal proceeding.

 [Ed. Note.—For other cases, see Costs, Dec. Dig. § 164.*]

Appeal from Special Term, New York County.

Action by James S. Metcalfe against Marc Klaw and others. From an order granting an additional allowance as a condition of the discontinuance of the action, plaintiff appeals. Order modified, and, as modified, affirmed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Samuel H. Ordway, for appellant.
Herman Aaron, for respondents.

SCOTT, J. The plaintiff commenced an action in 1906 against the respondent, Burnham, and several others, claiming that they had entered into an unlawful conspiracy to exclude him from the several theaters in the city of New York controlled by them, and thus prevent him from pursuing his avocation as a dramatic critic.

The damages were laid in a considerable sum. Answers were served, but nothing further was done in the action. A criminal prosecution was also instituted against the respondent, Burnham. The latter was held by the committing magistrate, but sued out a writ of habeas corpus upon which it was finally held by this court and the Court of Appeals that upon the facts a criminal prosecution would not lie. The grounds upon which this result was arrived at made it apparent that the plaintiff could not succeed in the present action. A motion was therefore made for leave to discontinue upon payment of costs. The motion was granted as to all of the defendants except Burnham, but as to him it was provided, as a condition of discontinuance, that the plaintiff must pay an extra allowance of $500 in addition to the taxable costs. From so much of the order as imposes the payment of the extra allowance, plaintiff appeals.

It is quite clear, under the rules which now prevail respecting the granting of extra allowances, that this is not a case, considered by itself, in which an extra allowance should be granted. Standard Trust Co. v. N. Y. C. & H. R. R. Co., 178 N. Y. 407, 70 N. E. 925; Campbell v. Emslie, 188 N. Y. 509, 81 N. E. 458. It is sought to sustain it, however, upon the plea that the respondent should be compensated in this action for the expense and annoyance to which he was put

in the criminal proceeding. This argument is, as we think, untenable. This action and the criminal prosecution were quite distinct proceedings, having no relation to ·or bearing upon each other, except that they rested upon similar questions of fact and law. The plaintiff was entitled to institute both, or either, as he saw fit. If the criminal proceeding was so unfounded as to amount to a malicious prosecution, the law áffords the respondent a means of procuring indemnification. If it was not so unfounded, the law has not provided for indemnification, and he cannot secure indirectly what the law has refused him directly by obtaining an extra allowance in another action, the facts of which, taken by themselves, would not justify an allowance.

The order so far as appealed from will be modified by striking out the provision for an extra allowance, and, as so modified, affirmed, with $10 costs and disbursements to the appellant. All concur.